EGBERT G. SOVEREIGN v. ALFRED MOSHER AND SPENCER O. FISHER.

*Sale—Contract—Evidence—Scale-sheets—Set-off.*

1. Where a logging contract provides that the logs shall be scaled by a competent scaler, to be mutually agreed upon by the parties, and the testimony is conflicting as to the making of such

agreement, evidence of other scales is admissible, and may be considered by the jury in case they find that a scaler was not agreed upon.

2. A scaler, in reliance upon measurements made by an assistant of the opposite ends of logs on a skid-way, which he called off, as also any apparent defects, measured the ends of the logs next to him; which scale is held to be incompetent evidence, in the absence of proof that the measurements were accurately made by the assistant, and the defects correctly reported.[1]

3. A purchaser of standing timber who had agreed to pay all taxes and assessments imposed upon the land from and after October 7, 1886, until the timber was removed, or until the expiration of the time limited for its removal, assigned the contract, and contracted to cut and deliver the timber to the assignees, who paid the taxes assessed on the land for 1886 and 1887, those for 1887 being paid before they became a lien upon the land, and before the removal of all of the timber or the expiration of the time limited for its removal; which payments are held a proper set-off in a suit by the assignor against the assignees upon the logging contract.

Error to Bay. (Cobb, J.) Argued April 17 and 21, 1891. Decided May 8, 1891.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*Shepard & Lyon,* for appellants, discuss the testimony fully, but cite no authorities, except *Seligman v. Ten Eyck Estate,* 60 Mich. 267, which they distinguish from this case.

*Hatch & Cooley,* for plaintiff, contended:

1. In support of the right to introduce other scales than that made by Alnoch, counsel cited *Peterson v. Anderson,* 44 Mich. 441; *Ortman v. Green,* 26 Id. 209; *Hopkins v. Sanford,* 41 Id. 243; *Lane v. Boom Co.,* 62 Id. 63; and, in support of the competency of the scale made by Reynolds, cited *Seligman v. Ten Eyck Estate,* 60 Mich. 267; *Jackson v. Evans,* 8 Id. 476, 482; *Lumber Co. v. Lumber Co.,* 79 Id. 307; *Robinson v. Mulder,* 81 Id. 75.

[1] See *Seligman v. Ten Eyck Estate,* 60 Mich. 268 (note 2).

GRANT, J. Plaintiff purchased of the Jackson, Lansing & Saginaw Railroad Company all the pine timber standing on certain lands described in the agreement. The only clause of this contract necessary to mention is that by which he agreed to pay and discharge all taxes and assessments imposed upon the land from and after October 7, 1886, until the timber was removed, or the time limited for removing it had expired. The contract was dated October 7, 1886, and two days thereafter plaintiff sold and assigned all his interest therein to the defendants. At the same time plaintiff and defendants entered into a written contract, by which he agreed to cut and deliver to the defendants the pine timber upon said lands at agreed prices. The only clause in this contract important to mention is that by which they agreed that the logs should be scaled by a competent scaler, to be mutually agreed upon by them.

1. One Alnoch did the scaling. The defendants' testimony tended to show that he was the scaler agreed upon. The plaintiff's testimony tended to show that he made objections to the employment of Mr. Alnoch, and refused to be bound by his scale unless it was satisfactory to him. Under the evidence this became a question of fact for the jury, and the court correctly charged the jury that, if he was the scaler agreed upon, his scale was binding, but, if not, then the scales made by others were competent. Proof, therefore, of other scales was properly admitted.

2. A witness by the name of Reynolds testified to the scale made by him and one O'Malley. He and O'Malley together made the scale in the following manner: The logs were piled upon skid-ways. Reynolds was at one end of the logs and O'Malley at the other, Reynolds taking the measurements at one end and O'Malley at the other. O'Malley called off to Reynolds the measurements he made, and any defects that were apparent to him. Reyn-

olds then made his measurements, relying upon the correctness of the measurements and defects stated by O'Malley. O'Malley was not produced as a witness, nor any reason given for his absence. The scale of Reynolds, under these circumstances, was incompetent. It was the duty of plaintiff to produce O'Malley as a witness if it were in his power to do so. It will not do to say that Reynolds' testimony was admissible for what it was worth. It was worthless unless O'Malley made accurate measurements, and correctly reported defects. This no one could testify to except O'Malley  The admission of the testimony was error.

3. The circuit judge charged the jury to reject the taxes on the land for the year 1887 because they had not attached to the land at the time the defendants paid them, and that Sovereign was not bound to pay them. We think this was error. By the contract plaintiff was obligated to pay the taxes until the timber was removed or the contract terminated, neither of which had taken place. Defendants paid the taxes for the years 1886 and 1887. No objection appears to have been made to the payment by defendants of the tax of 1886, and to its being a proper offset against plaintiff's demand. The taxes of both years are upon the same basis.

We find no other error in the record, but for the errors above mentioned judgment is reversed, with costs, and a, new trial ordered.

CHAMPLIN, C. J., McGRATH and LONG, JJ., concurred.

MORSE, J., took no part in the decision.